# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

BANK OF NEW YORK MELLON,

    Plaintiff

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

    Defendants

Case No.: 2:17-cv-00388-APG-GWF

**Order Granting Motions to Dismiss**

[ECF Nos. 27, 35]

Plaintiff Bank of New York Mellon (BONY) filed a single-count complaint for a declaration that its deed of trust still encumbers property located at 8452 Boseck Drive 118, Las Vegas, Nevada. Defendants Admirals Point II Owners Association and SFR Investments Pool 1, LLC move to dismiss, arguing the complaint is untimely. BONY responds that its claim is subject to a five-year limitation period, so it is timely. Alternatively, BONY contends that it did not discover its injury until the Supreme Court of Nevada issued *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 418 (Nev. 2014) (en banc). I grant the motions to dismiss because BONY's complaint is untimely.

## I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations

must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

"A claim may be dismissed as untimely pursuant to a 12(b)(6) motion only when the running of the statute of limitations is apparent on the face of the complaint." *United States ex rel. Air Control Techs., Inc. v. Pre Con Indus., Inc.*, 720 F.3d 1174, 1178 (9th Cir. 2013) (alteration and quotation omitted). A limitation period begins to run "from the day the cause of action accrued." *Clark v. Robison*, 944 P.2d 788, 789 (Nev. 1997). A cause of action generally accrues "when the wrong occurs and a party sustains injuries for which relief could be sought." *Petersen v. Bruen*, 792 P.2d 18, 20 (Nev. 1990); *see also State ex rel. Dep't of Transp. v. Pub. Emps.' Ret. Sys. of Nev.*, 83 P.3d 815, 817 (Nev. 2004) (en banc) ("A cause of action 'accrues' when a suit may be maintained thereon." (quotation omitted)). Nevada has adopted the discovery rule, and thus time limits generally "do not commence and the cause of action does not 'accrue' until the aggrieved party knew, or reasonably should have known, of the facts giving rise to the damage or injury." *G & H Assocs. v. Ernest W. Hahn, Inc.*, 934 P.2d 229, 233 (Nev. 1997).

I have previously ruled that the four-year catchall limitation period in § 11.220 applies to declaratory relief claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished its deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA foreclosure sale took place on December 5, 2012, the trustee's deed upon sale was recorded on December 10, 2012, and BONY filed the complaint in this matter on February 8, 2017. ECF No. 1 at 1, 38. BONY's claim for a declaration that the deed of trust was not extinguished therefore is untimely.

2

I reject BONY's argument that the limitation period began running when the Supreme Court of Nevada issued the *SFR* decision. Simply reading the statute that grants HOAs a superpriority lien would have put BONY on notice of the possibility that its deed of trust was in jeopardy. Further, *SFR* "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception." *K&P Homes v. Christiana Tr.*, 398 P.3d 292, 295 (Nev. 2017) (en banc).

The limitation period started running on the date the trustee's deed upon sale was recorded because BONY knew or should have known of its injury at that time. *Job's Peak Ranch Cmty. Ass'n, Inc. v. Douglas Cty.*, No. 55572, 2015 WL 5056232, at *3 (Nev. Aug. 25, 2015) ("If the facts giving rise to the cause of action are matters of public record then the public record gave notice sufficient to start the statute of limitations running." (quotation and alteration omitted)). BONY's complaint is untimely, so I grant the defendants' motions to dismiss.

## II. CONCLUSION

IT IS THEREFORE ORDERED that Defendants Admirals Point II Owners Association's motion to dismiss **(ECF No. 27) is GRANTED**.

IT IS FURTHER ORDERED that defendant SFR Investments Pool 1, LLC's motion to dismiss **(ECF No. 35) is GRANTED**.

IT IS FURTHER ORDERED that the clerk of court is instructed to enter judgment in favor of defendants Admirals Point II Owners Association and SFR Investments Pool 1, LLC and against plaintiff Bank of New York Mellon.

DATED this 10th day of June, 2019.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE